**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ABIRA MEDICAL LABORATORIES, LLC d/b/a GENESIS DIAGNOSTICS,<br><br>Plaintiff,<br><br>v.<br><br>INTEGRANET PHYSICIAN RESOURCE, INC. d/b/a INTEGRANET HEALTH, *et al.*,<br><br>Defendants. | Civil Action No. 23-03849 (GC) (TJB)<br><br>**OPINION** |

**CASTNER, U.S.D.J.**

**THIS MATTER** comes before the Court upon Defendants' Motion to Dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(2) or for failure to state a claim pursuant to Rule 12(b)(6).  (ECF No. 11.) Plaintiff opposed, and Defendants replied.  (ECF Nos. 12 & 13.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Rule 78(b) and Local Civil Rule 78.1(b).  For the reasons set forth below, and other good cause shown, Defendants' motion is **GRANTED** in part and **DENIED** in part.  The case shall be transferred to the United States District Court for the Southern District of Texas, Houston Division.

## I.    BACKGROUND

This is one of more than forty cases that Plaintiff Abira Medical Laboratories, LLC has filed in the United States District Court of the District of New Jersey or had removed here from the Superior Court of New Jersey since June 2023.  In each of these cases, Plaintiff has sued "health

insurance companies, third-party administrators, health and welfare funds, or . . . self-insured employers" based on their alleged failure to pay Plaintiff "for laboratory testing of specimen, including but not limited to COVID-19 tests, which [Plaintiff] performed for claimants." (ECF No. 8 ¶ 1.)

Plaintiff "is a domestic limited liability company organized under the laws of the State of New Jersey." (*Id.* ¶ 10.) Several of Plaintiff's "administrators and decision-makers live in New Jersey, work in New Jersey, and run [Plaintiff's] affairs from New Jersey." (*Id.* ¶ 11.) Plaintiff "operated a licensed medical testing laboratory business, which provided services nationwide," and Plaintiff "performed clinical laboratory, toxicology, pharmacy, genetics, and addiction rehabilitation testing services on specimen," including "COVID-19 testing." (*Id.* ¶¶ 27-29.)

Defendants IntegraNet Physician Resource, Inc., and IntegraNet Health of Florida, Inc., have their principal place of business in Houston, Texas. (*Id.* ¶¶ 12-13.) IntegraNet Health of Florida has a registered agent in Coral Gables, Florida. (*Id.* ¶ 13.)

Plaintiff alleges that it submitted "tens of claims" for laboratory testing to Defendants that "were supposed to" be paid "pursuant to Abira's fee schedule or the insurer's fee schedule." (*Id.* ¶¶ 3, 38, 43.) The amount due for these "services rendered by [Plaintiff] to Defendants' insureds/claimants" is alleged to total $137,672.73. (*Id.* ¶¶ 66-67.) Plaintiff does not identify the individual insureds/claimants or how many insureds/claimants are involved in this case, the type of health insurance plans under which the insureds/claimants were covered, any specific provisions in any plan that entitles the insureds/claimants to benefits from Defendants, or when services were provided by Abira to the insureds/claimants.

Plaintiff asserts eight causes of action against Defendants: Count One for breach of contract; Count Two for breach of implied covenant of good faith and fair dealing; Count Three for fraudulent misrepresentation; Count Four for negligent misrepresentation; Count Five for

promissory estoppel; Count Six for equitable estoppel; Count Seven for quantum meruit/unjust enrichment; and Count Eight for violations of the Families First Coronavirus Response Act and the Coronavirus Aid, Relief, Economic Security Act.[1]  (*Id.* ¶¶ 58-122.)

On September 22, 2023, Defendants moved to dismiss Plaintiff's Amended Complaint pursuant to Rules 12(b)(2) and 12(b)(6).  (ECF No. 11.)  Defendants argue that the case should be dismissed for lack of personal jurisdiction in New Jersey or, alternatively, venue should be transferred to the Southern District of Texas, Houston Division.  (ECF No. 11-2 at 9-10.[2])  If not dismissed and/or transferred, Defendants argue that the claims asserted fail as a matter of law. (*Id.*)  Plaintiff opposed on October 2, and Defendants replied on October 10.  (ECF Nos. 12 & 13.)

## II.   <u>LEGAL STANDARD</u>[3]

Rule 12(b)(2) permits a defendant to move to dismiss a complaint for lack of personal jurisdiction.  Fed. R. Civ. P. 12(b)(2).  When a statute does not authorize nationwide service of process, federal courts in New Jersey exercise personal jurisdiction to the extent permitted by New Jersey law.  *See Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 155 (3d Cir. 2010) ("[A] federal district court may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of that state.").

---

[1]    This case was removed to this Court from the Superior Court of New Jersey, Mercer County, Law Division, based on federal question jurisdiction pursuant to 28 U.S.C. § 1331 as well as diversity jurisdiction pursuant to 28 U.S.C. § 1332.  (*See* ECF No. 1.)

[2]    Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

[3]    Because the Court determines that it lacks personal jurisdiction and does not reach the motion to dismiss for failure to state a claim, the Rule 12(b)(6) standard is not recited.  *See Lightfoot v. Cendant Mortg. Corp.*, 580 U.S. 82, 95 (2017) ("A court must have . . . power over the parties before it (personal jurisdiction) before it can resolve a case.").

"New Jersey's long-arm statute provides for jurisdiction coextensive with the due process requirements of the United States Constitution." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004) (first citing N.J. Court Rule 4:4-4(c); and then citing *Charles Gendler & Co. v. Telecom Equip. Corp.*, 508 A.2d 1127, 1131 (N.J. 1986)).  Therefore, the key inquiry on a motion to dismiss for lack of personal jurisdiction is whether, under the Due Process Clause, "the defendant has certain minimum contacts with . . . [New Jersey] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007) (quoting *Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945)).

A district court can assert either general jurisdiction (*i.e.*, "all-purpose" jurisdiction) or specific jurisdiction (*i.e.*, "case-linked" jurisdiction) over a defendant that has minimum contacts with the forum.  *See Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.*, 582 U.S. 255, 262 (2017).  For foreign corporations, a "court may assert general jurisdiction . . . to hear any and all claims against them when their affiliations with the [forum] State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Fischer v. Fed. Express Corp.*, 42 F.4th 366, 384 (3d Cir. 2022) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).  To assert specific jurisdiction over a foreign corporation there are two primary elements that must be met: "First, there must be purposeful availment: minimum contacts with the forum state that show the defendant took a deliberate act reaching out to do business in that state.  Second, the contacts must give rise to—or relate to— plaintiff's claims." *Hepp v. Facebook*, 14 F.4th 204, 207 (3d Cir. 2021) (citing *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024-25 (2021)).  If these elements are met, the exercise of jurisdiction must "otherwise comport[] with fair play and substantial justice."

4

*D'Jamoos ex rel. Est. of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009)

(quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985)).

## III.   DISCUSSION

### A.   PERSONAL JURISDICTION

The Court will first examine whether there is general jurisdiction over Defendants in New

Jersey and then, if no general jurisdiction, whether there is specific jurisdiction.

#### i.   GENERAL JURISDICTION

"For a corporate defendant, the main bases for general jurisdiction are (1) the place of

incorporation [or formation]; and (2) the principal place of business." *Display Works, LLC v.*

*Bartley*, 182 F. Supp. 3d 166, 173 (D.N.J. 2016) (citing *Daimler AG v. Bauman*, 571 U.S. 117,

136 (2014)); *see also Fischer*, 42 F.4th at 383 (3d Cir. 2022) ("For a corporation, general

jurisdiction is only proper in states where the corporation is fairly regarded as 'at home,' which

generally is restricted to the corporation's state of incorporation or the state of its principal place

of business."). "[G]eneral jurisdiction may [also] arise in the 'exceptional case' where 'a

corporation's operations in a forum other than its formal place of incorporation or principal place

of business may be so substantial and of such a nature as to render the corporation at home in that

State.'" *Display Works*, 182 F. Supp. 3d at 173 (citation omitted); *see also Daimler AG*, 571 U.S.

at 139 n.19.  Such an exceptional case requires a plaintiff to furnish at least some evidence that

reasonably suggests that a corporate entity's contacts with the forum state are so substantial that

they surpass the entity's contacts with other states.  *See, e.g.*, *Ontel Prod. Corp. v. Mindscope*

*Prod.*, 220 F. Supp. 3d 555, 560 (D.N.J. 2016) ("[Plaintiff] does not provide any evidence that

reasonably suggests that indirect sales in New Jersey occur at all or that those sales surpass [the

defendant's] third party sales made elsewhere.").

Here, Plaintiff pleads that Defendants have their principal place of business in Houston, Texas, and there is no allegation that Defendants were incorporated or have substantial operations in New Jersey. (ECF No. 8 ¶¶ 12-13.) Indeed, Defendants submit an affidavit from Jennifer A. Nemy-Davis, as Chief Operating Officer and Board Member of IntegraNet Health of Florida, who attests that the company was created and formed in Florida in 2022 and that the company "has no business dealings in the State of New Jersey, has no Physicians it works with in" New Jersey, and "has no patient-members of any Health Plan in New Jersey to deal with." (ECF No 11-4.) Defendants submit a second affidavit from Ms. Nemy-Davis, as Chief Operating Officer and Board Member of IntegraNet Physician Resource, who attests that the company was created and formed in Texas in 1997, "does not have any physicians in any network, clients, patients, or members of any Health Plan domiciled or residing in New Jersey," and "never ordered or agreed to pay for any medical laboratory services for any individual patients in . . . New Jersey—where it has never operated." (ECF No. 11-10.) Defendants also submit two affidavits from Aaron Keiter, as Corporate Secretary and Board Member of IntegraNet Health of Florida and Vice President of Risk Management and Corporate Secretary of IntegraNet Physician Resource, who confirms the information attested to by Ms. Nemy Davis. (ECF Nos. 11-9 & 11-11.)

In opposition, Plaintiff does not submit evidence or try to meaningfully explain how, under these factual circumstances, general jurisdiction could be established over Defendants in New Jersey. (ECF No. 12 at 11-13.) Neither company was formed in New Jersey, and they are not headquartered here. There is also nothing in the record to suggest that the companies' business operations in New Jersey are so substantial that they give rise to the exceptional case of general jurisdiction. Accordingly, this Court does not have general jurisdiction over Defendants.

### ii. SPECIFIC JURISDICTION

Specific jurisdiction allows the court to adjudicate claims levied against defendants with "certain minimum contacts . . . such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co.*, 326 U.S. at 316 (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). The minimum contacts analysis focuses on whether the defendant has, by some act related to the plaintiff's current cause of action, "purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King Corp.*, 471 U.S. at 475 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). And specific jurisdiction is typically present only if the plaintiff's cause of action arises out of a defendant's forum-related activities, such that the defendant "should reasonably anticipate being haled into court there." *D'Jamoos*, 566 F.3d at 105 (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)); *see also Ford Motor Co.*, 141 S. Ct. at 1019 ("[T]he plaintiff's claims 'must arise out of or relate to the defendant's contacts' with the forum." (quoting *Bristol-Myers Squibb*, 582 U.S. at 262)).

Although a court usually determines specific jurisdiction on a claim-by-claim basis, a claim specific analysis may not be necessary "for certain factually overlapping claims." *O'Connor*, 496 F.3d at 317 n.3; *see also TorcUP, Inc. v. Aztec Bolting Servs., Inc.*, 386 F. Supp. 3d 520, 525 n.2 (E.D. Pa. 2019) ("[F]or 'certain factually overlapping claims' courts need not evaluate specific jurisdiction on a claim-by-claim basis." (citation omitted)); *HV Assocs., LLC v. PNC Bank, N.A.*, Civ. No. 17-8128, 2019 WL 13410696, at *10 (D.N.J. Apr. 18, 2019) ("Although [s]pecific jurisdiction is generally assessed on a claim-by-claim basis, 'it may not be necessary to do so for certain factually overlapping claims.'" (citation omitted)). Because Plaintiff's claims in this case all stem from the same allegation that Defendants failed to pay Abira for laboratory testing services, a claim-specific analysis is not necessary. *See Abira Med. Lab'ys, LLC v. Johns Hopkins*

*Healthcare LLC*, Civ. No. 19-05090, 2020 WL 3791565, at *4 (E.D. Pa. July 7, 2020) ("Because Genesis's claims all stem from the same conduct of JHHC failing to reimburse Genesis for . . . laboratory testing services, a claim-specific analysis is not necessary.").

Defendants argue that Plaintiff has not established the minimum contacts necessary to assert specific jurisdiction in New Jersey. They submit that Plaintiff has not "alleged purposeful activity directed at [New Jersey] by either IntegraNet Defendant or how the claims Plaintiff asserts . . . arise out of or relate to such supposed contacts." (ECF No. 11-2 at 14.) "None of this is surprising," write Defendants, because they "are not insurance companies but rather administer benefits and are claims processors for Medicare Advantage Plans and Medicaid Health Plans." (*Id.* at 13-14.) In opposition, Plaintiff makes two points. First, Defendants paid about twenty claims that had been submitted by Plaintiff and this contact between Defendants and Plaintiff, a New Jersey limited liability company, should allow for jurisdiction in New Jersey. (ECF No. 12 at 11-12.) Second, the Employee Retirement Income Security Act of 1974 ("ERISA") "is unique in having relaxed jurisdictional requirements, as it was designed to remove jurisdictional and procedural obstacles that would hinder effective enforcement."[4] (*Id.* at 13.)

Having carefully reviewed the parties' arguments, the Court agrees with Defendants and finds no basis for specific jurisdiction in New Jersey. As to Plaintiff's reference to ERISA, there is nothing proffered by Plaintiff that suggests that it is applicable in this case. Plaintiff does not even allege in the Amended Complaint that the health insurance plans at issue are in fact governed

---

[4]     Plaintiff also argues that Defendants should be deemed to have waived their objection to personal jurisdiction in New Jersey by removing the case from the Superior Court of New Jersey to this Court. (ECF No. 12 at 9-10.) But the United States Court of Appeals for the Third Circuit has held that "defendants can still challenge jurisdiction after removal." *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 132 (3d Cir. 2020); *see also Gordet v. Chryslergroup LLC*, Civ. No. 15-1470, 2015 WL 6407959, at *2 n.6 (D.N.J. Oct. 21, 2015) ("Removal does not, by itself, constitute a waiver of objection to personal jurisdiction.").

by ERISA.[5]  (*See* ECF No. 8 ¶ 3 ("At this time it is unknown which of the insurance contracts relevant to the tens of claims underlying this action fall under the ambit of ERISA.").)  And Defendants submit that this case does not implicate any health plan governed by ERISA because "Defendants administer only Medicare Advantage and Medicaid Health Plans, which are not subject to ERISA."[6]  (ECF No. 11-2 at 18; *see also* ECF No. 13 at 23.)  Plaintiff does not dispute this factual representation.[7]  (*See generally* ECF No. 12.)

As to Plaintiff's argument that Defendants are subject to specific jurisdiction in New Jersey because they paid about twenty claims for laboratory testing services to Plaintiff (a New Jersey limited liability company), district courts in the Third Circuit have rejected this very argument.  In *Abira Medical Laboratories, LLC v. Johns Hopkins Healthcare LLC*, for example, Abira sued a Maryland limited liability company for its alleged failure to pay for services rendered by Abira.  Civ. No. 19-05090, 2020 WL 3791565, at *1 (E.D. Pa. July 7, 2020).  The district court found no specific jurisdiction in Pennsylvania despite the allegation that the defendant had previously paid for some of the laboratory testing services performed by Abira in Pennsylvania.  *Id.* at *5.  The court reasoned that the defendant's payments were based on the unilateral choices of "physicians

---

[5]     Plaintiff mentions ERISA at various points in the Amended Complaint, but the first seven causes of action are asserted as common-law claims and the eighth cause of action is for alleged violations of the Families First Coronavirus Response Act and the Coronavirus Aid, Relief, Economic Security Act.  (ECF No. 8 ¶¶ 58-122.)

[6]     *See Rutledge v. Pharm. Care Mgmt. Ass'n*, 592 U.S. 80, 89 (2020) ("[A] variety of healthcare plans and programs that are not covered by ERISA, including Medicaid, Medicare, military, and market place plans.").

[7]     *See Abira Med. Lab'ys, LLC v. Anthem Blue Cross Blue Shield Missouri*, Civ. No. 23-4940, 2024 WL 1704981, at *4 (E.D. Pa. Apr. 19, 2024) ("Genesis contends that . . . [ERISA] created 'relaxed jurisdictional requirements' for plaintiffs.  Even if true, this would be irrelevant; the claims enumerated in Genesis's Complaint sound in state contract and quasi-contract law, not the ERISA statute."); *Abira Med. Lab'ys, LLC v. AvMed Inc.*, Civ. No. 23-5185, 2024 WL 1651678, at *3 (E.D. Pa. Mar. 20, 2024) ("Genesis may not evade traditional jurisdictional requirements by making a passing reference to ERISA.").

who, in turn, chose to send members' specimens to [Abira] for laboratory testing services in Pennsylvania. The deliberate contact with Pennsylvania was two degrees removed from [the defendant] itself." *Id.* The court collected case law that holds that "sending payments to the forum state alone . . . does not constitute 'purposeful availment.'" *Id.* (first citing *Cintron Beverage Grp., LLP v. Aoun*, Civ. No. 10-3439, 2011 WL 3156584, at *3 (E.D. Pa. July 26, 2011); and then citing *In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Prod. Liab. Litig.*, Civ. No. 09-20008, 2010 WL 2264869, at *4 (E.D. Pa. June 4, 2010)); *see also Abira Med. Lab'ys, LLC v. AvMed Inc.*, Civ. No. 23-5185, 2024 WL 1651678, at *2 (E.D. Pa. Mar. 20, 2024) ("Sending payments to Pennsylvania alone—where the contract was not negotiated or executed there—does not constitute 'purposeful availment.'"); *Sovereign Consulting Inc. v. Cover Techs. Inc.*, Civ. No. 21-00035, 2021 WL 2802219, at *6 (D.N.J. July 6, 2021) ("payment alone is not sufficient to show purposeful availment").

Other courts in this Circuit to have considered similar claims brought by Plaintiff against foreign corporations (*i.e.*, from states other than where the suit was brought) have reached the same conclusion that specific jurisdiction was lacking. *See, e.g.*, *Abira Med. Lab'ys, LLC v. Anthem Blue Cross Blue Shield Missouri*, Civ. No. 23-4940, 2024 WL 1704981, at *3 (E.D. Pa. Apr. 19, 2024) (finding specific jurisdiction lacking over Missouri health insurers because sending laboratory samples for testing in Pennsylvania and communicating with regard to reimbursement requests fell "well short [of] the kind of 'deliberate targeting of the forum' that is necessary to establish specific personal jurisdiction" (citation omitted)); *Abira Med. Lab'ys LLC v. Molina Healthcare of Fla., Inc.*, Civ. No. 24-506, 2024 WL 1182855, at *3 (E.D. Pa. Mar. 19, 2024) (finding specific jurisdiction lacking over a Florida corporation because "[p]atients' physcians' decision to utilize Plaintiff's services in Pennsylvania [was] that type of 'unilateral activity' of a third party that should not subject a defendant to jurisdiction in a forum that it itself had not created

10

contact with."); *Abira Med. Lab'ys, LLC v. Cigna Health & Life Ins. Co.*, Civ. No. 22-6408, 2023 WL 4074081, at *3 (D.N.J. June 16, 2023) (finding specific jurisdiction lacking in New Jersey where it was merely alleged that the defendant was "registered in New Jersey and conduct[ed] business throughout the state" (collecting cases)); *Abira Med. Lab'ys, LLC v. Humana Inc.*, Civ. No. 22-06190, 2023 WL 3052308, at *3 (D.N.J. Apr. 24, 2023) (finding specific jurisdiction lacking in New Jersey where it was alleged that the defendant "and certain unnamed subsidiaries or affiliates failed to reimburse [Abira] for medical services provided to individuals covered by health insurance plans offered by [the defendant] and these other entities").[8]

Here, too, Plaintiff has not established that Defendants have the requisite minimum contacts with New Jersey to find that they purposefully availed themselves of the New Jersey forum or that the claims at issue—Defendants' alleged failure to reimburse Plaintiff for testing services provided to Defendants' members—arise from or relate to Defendants' contacts with New Jersey. Accordingly, this Court does not have specific jurisdiction over Defendants.[9]

---

[8] The sole case cited by Plaintiff in opposition is *Conte v. Promethean Inc.*, Civ. No. 21-20490, 2022 WL 4596727 (D.N.J. Sept. 30, 2022). That case is readily distinguishable, however. There, the defendants did not challenge jurisdiction over the plaintiff's former employer, which was "a company conducting business in New Jersey whose business activity in the state [was] directly related to [the plaintiff's] claims." *Id.* at *9. Here, in contrast, Plaintiff has not established any business activity in New Jersey by Defendants giving rise to the claims.

[9] The Court is unconvinced that jurisdictional discovery would uncover evidence that would alter the conclusion. The relevant facts are largely undisputed, and the Court sees no reason to grant discovery when Plaintiff has not even offered a sense of what relevant jurisdictional facts discovery might uncover. *See Murphy v. Eisai, Inc.*, 503 F. Supp. 3d 207, 225 (D.N.J. 2020) ("The facts and allegations do not rise to the level where I, within my discretion, would permit further exploration through jurisdictional discovery."); *see also Abira Med. Lab'ys*, 2023 WL 4074081, at *3 ("[J]urisdictional discovery is unwarranted because the Complaint does not include 'factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts.'" (quoting *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003))); *Abira Med. Lab'ys, LLC*, 2024 WL 1651678, at *3 (same).

**B.  TRANSFER OF VENUE**

Where jurisdiction is lacking, a district "court shall, if it is in the interest of justice, transfer such action . . . to any other such court . . . in which the action . . . could have been brought at the time it was filed or noticed, and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it is transferred."[10]  28 U.S.C. § 1631.

The Third Circuit Court of Appeals has explained that "a district court that lacks personal jurisdiction must at least consider a transfer." *Danziger & De Llano, LLP*, 948 F.3d at 132.  But "[t]he district court does . . . have 'broad discretion' not to transfer." *Id.* (quoting *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 883 (3d Cir. 1995)).  "And though [the district court] may transfer a case at the parties' request or *sua sponte*, it need not investigate on its own all other courts that 'might' or 'could have' heard the case." *Id.* (citations omitted).

Here, the Court finds that it is appropriate to transfer this action to the United States District Court for the Southern District of Texas, Houston Division.  Under 28 U.S.C. §1391(b), venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located."  Plaintiff's Amended Complaint raises a federal question (under the federal statutes in Count Eight) and alleges that both Defendants have their principal places of business in Houston, Texas, and Defendants themselves argue that this action could have been appropriately brought in the Southern District of Texas where both companies have their principal places of business and are subject to general jurisdiction.  (ECF No. 8 ¶¶ 12-13; ECF No. 11-2 at 10, 15-16 ("Defendants respectfully . . . request[] transfer to the Southern District of Texas,

---

[10]    *See North v. Ubiquity, Inc.*, 72 F.4th 221, 227 (7th Cir. 2023) ("[E]very circuit court to address this issue has agreed that § 1631's reference to 'jurisdiction' encompasses personal jurisdiction as well as subject matter jurisdiction.").

Houston Division, where venue would be appropriate."); ECF No. 11-11 at 5-10); *see also Bernard v. I.C. Sys., Inc.*, Civ. No. 22-1129, 2023 WL 2263599, at \*3 (D.N.J. Feb. 27, 2023) ("[V]enue for this case would be proper . . . where Defendant's principal place of business is located.").  Thus, venue is proper in the Southern District of Texas.

Transfer rather than dismissal is also in the interest of justice because there is no indication that transfer would unduly benefit any party, and it avoids penalizing Plaintiff by "time-consuming and justice-defeating technicalities" such as forcing the refiling of the pleading.  *Binks v. US Tech Sols.*, Civ. No. 20-02969, 2020 WL 6701470, at \*4 (D.N.J. Nov. 12, 2020) (quoting *Bockman v. First Am. Mktg. Corp.*, 459 F. App'x 157, 162 n.11 (3d Cir. 2012)); *see also Tripp v. Ascentage Pharma Grp. Int'l*, Civ. No. 22-5934, 2023 WL 5425506, at \*7 (D.N.J. Aug. 23, 2023) ("[T]ransfer often has the advantage over dismissal because it provides the benefit of maintaining continuity and avoiding litigation over whether the refiled action is time-barred.").  The case shall therefore be transferred to the Southern District of Texas.

## IV.   CONCLUSION

For the reasons set forth above, and other good cause shown, Defendants' Motion to Dismiss is **GRANTED** in part and **DENIED** in part.[11]  An appropriate Order follows.

Dated:  April 30, 2024

GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE

---

[11]   The Court does not reach the Rule 12(b)(6) arguments as to why Plaintiff's claims fail as a matter of law.