Case 4:24-cv-01642   Document 64   Filed on 06/30/25 in TXSD   Page 1 of 11

United States District Court
Southern District of Texas
**ENTERED**
June 30, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ABIRA MEDICAL LABORATORIES, LLC, § § § Plaintiff, § § v. § § INTEGRANET HEALTH OF § FLORIDA, INC. *et. al.*, § § Defendants. § | Civil Action No. H-24-1642 |

## ORDER

Pending before the Court are Defendants' First Amended Motion to Dismiss Plaintiff's Complaint Pursuant to F.R.C.P. 12(b)(1) (Document No. 48); Defendants' Motion for Summary Judgment (Document No. 49); Defendants' Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11 (Document No. 50); Defendants' Motion for Leave to File Supplemental Exhibits (Document No. 56); and Defendants' Motion to Strike Pleadings and, Alternatively, to Exclude Evidence and Testimony (Document No. 61).

Having considered the motions, submissions, and applicable law, the Court determines that the Defendants' motion to dismiss for lack of subject-matter jurisdiction should be granted, the Defendants' motion for sanctions should be denied, and the remaining motions should be denied as moot.

## I. BACKGROUND

This is an action related to an alleged failure of payment for medical testing. Plaintiff Abira Medical Laboratories, LLC ("Abira"), is a licensed medical testing laboratory based in Langhorne, Pennsylvania, performing clinical laboratory, pharmacy, genetics, addiction rehabilitation, and COVID-19 testing services. Abira contends that it performed laboratory testing services on behalf of medical patients of Defendants IntegraNet Health of Florida, Inc. and Integranet Physical Resource, Inc. (hereinafter "IntegraNet"), from 2020 through 2021. Abira further contends that it timely tendered hundreds of claims to IntegraNet for payment of services rendered on behalf of each of the medical patients insured by IntegraNet. Abira further contends that IntegraNet failed to properly process and pay Abira for the laboratory testing services rendered in the amount of $119,022.00. IntegraNet denies liability.

Based on the foregoing, on June 6, 2023, Abira filed this lawsuit against IntegraNet in the Superior Court of New Jersey, Mercer County, Law Division. On July 19, 2023, Defendants removed this case to the United States District Court for the District of New Jersey pursuant to diversity jurisdiction. On May 1, 2024, the United States District Court for the District of New Jersey issued an order finding that the court lacked personal jurisdiction over Defendants and transferred the matter to this Court pursuant to 28 U.S.C. §1631. On July 16, 2024, Abira filed its third amended complaint, seeking actual damages in the amount of $119,022.00, and

alleging claims for: (1) breach of contract; (2) account stated; and (3) quantum meruit.[1] On February 28, 2025, Defendants filed the pending motion to dismiss and motion for summary judgment.

## II. STANDARD OF REVIEW

Parties may challenge the court's authority to hear and adjudicate disputes by moving to dismiss them for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *See* Fed. R. Civ. P. 12(b)(1). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). "The party wishing to invoke the court's jurisdiction bears the burden of proving that subject matter jurisdiction exists." *Id.* In ruling on a motion to dismiss for lack of subject matter jurisdiction, a court may evaluate the complaint alone, the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001).

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must view the evidence in a light most favorable to the

---

[1] *See Plaintiff's Third Amended Complaint*, Document No. 31 at 2.

nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). Initially, the movant bears the burden of presenting the basis for the motion and the elements of the causes of action upon which the nonmovant will be unable to establish a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to come forward with specific facts showing there is a genuine dispute for trial. *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (citation omitted).

But the nonmoving party's bare allegations, standing alone, are insufficient to create a material dispute of fact and defeat a motion for summary. If a reasonable jury could not return a verdict for the nonmoving party, then summary judgment is appropriate. *Liberty Lobby, Inc.*, 477 U.S. at 248. The nonmovant's burden cannot be satisfied by "conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). Uncorroborated self-serving testimony cannot prevent summary judgment, especially if the overwhelming documentary evidence supports the opposite scenario. *Vais Arms, Inc. v. Vais*, 383 F.3d 287, 294 (5th Cir. 2004). Furthermore, it

is not the function of the Court to search the record on the nonmovant's behalf for evidence which may raise a fact issue. *Topalian v. Ehrman*, 954 F.2d 1125, 1137 n.30 (5th Cir. 1992). Therefore, "[a]lthough we consider the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the nonmovant, the nonmoving party may not rest on the mere allegations or denials of its pleadings but must respond by setting forth specific facts indicating a genuine issue for trial." *Goodson v. City of Corpus Christi*, 202 F.3d 730, 735 (5th Cir. 2000).

### III. LAW & ANALYSIS

IntegraNet moves to dismiss Abira's third amended complaint for lack of subject matter jurisdiction. IntegraNet also moves for summary judgment on Abira's claims for breach of contract, account stated, and quantum meruit. The Court will first consider Integranet's motion to dismiss Abira's complaint for lack of subject-matter jurisdiction.

IntegraNet contends that the Court lacks subject-matter jurisdiction for two reasons: first, because the Medicare Act required Abira to engage and exhaust an administrative review process before initiating this litigation; and second, because Abira's causes of action stemming from state law are federally preempted by the Medicare Act. In response, Abira contends that its claims do not arise under the Medicare Act and that it has properly asserted the Court's jurisdiction herein.

5

Parties may challenge the court's authority to hear and adjudicate disputes by moving to dismiss them for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). See Fed. R. Civ. P. 12(b)(1). Courts may consider such motions at any stage of the litigation and may even consider their own jurisdiction *sua sponte*. *See Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980); *McDonal v. Abbott Labs*, 408 F.3d 177, 182 n. 5 (5th Cir. 1988).

Here, Abira demands payment for laboratory services performed on an out-of-network basis upon 138 specimens submitted on behalf of insureds whose policies of health insurance were overseen by IntegraNet. IntegraNet contends that its exclusive function is to act as a third-party delegate of Medicare Advantage Plans, contracting with private health insurance companies to provide health benefits to individuals through the Center for Medicare & Medicaid Services Medicare Advantage Program.[2] IntegraNet contends that it has no direct patients or insureds itself, and exclusively serves as a third-party administrator to Medicare Plan

---

[2] The Fifth Circuit has described IntegraNet's business model as follows: "The Centers for Medicare and Medicaid Services ("CMS") is a branch of the Department of Health and Human Services responsible for administering Medicare benefits. *See* 42 U.S.C. § 1395w-21–29. Under Medicare Part C, CMS may delegate its statutory obligation to provide Medicare benefits to private sector insurers, called Medicare Advantage Organizations ("MA Organizations"). *Id.* CMS pays the MA Organizations for each enrollee they cover, and the Organizations then assume all financial risk for servicing those enrollees. *See id.* § 1395w24–25. Organizations may either directly provide benefits to enrollees, or they may subcontract that duty to third-party providers." *See id.* § 1395w-22(d)(1); 42 C.F.R. § 422.214. *Trinity Home Dialysis, Inc. v. WellMed Networks, Inc.*, No. 22-10414, 2023 WL 2573914, at *1 (5th Cir. Mar. 20, 2023) (per curiam) (emphasis added).

enrollees. IntegraNet further contends that the Federal Medicare Act does not allow Medicare Plan enrollees, such as IntegraNet's patients, to immediately litigate organizational determinations such as failure of payment. *See* 42 U.S.C. § 1395w-22(g); 42 C.F.R. §§ 422.560–422.622.

The Medicare Act outlines a mandatory administrative review process that must be engaged and exhausted before a civil lawsuit can be initiated. The Fifth Circuit has made clear that when an interested provider such as Abira receives an organizational determination from a Medicare Advantage Organization that it wishes to challenge, the Medicare Act dictates such challenge must initially be submitted to the Medicare Advantage Organization's international review process for further consideration. *Caris MPA, Inc. v. United Healthcare, Inc.*, 108 F.4th 340, 344 (5th Cir. 2024). In cases where the Medicare Advantage Organization's internal review process fails to resolve the challenge, "the issues that remain in dispute must be reviewed and resolved by an independent outside entity." *Caris MPA, Inc. v. United Healthcare, Inc.*, 108 F.4th at 350. Thereafter, if the determination made by the outside entity remains contested, the enrollee has a right to a hearing before the Federal Centers for Medicare & Medicaid Services. *Caris MPA, Inc. v. United Healthcare, Inc.*, 108 F.4th at 350; 42 U.S.C. § 1395w-22(g)(5); 42 C.F.R. § 422.600. If the dispute still remains unresolved and the amount in controversy is $1,000 or more, the enrollee "may seek judicial review of the organization

determination, but only after the enrollee has completely exhausted ... administrative remedies under the Medicare Act and its regulations." *Caris MPA, Inc. v. United Healthcare, Inc.*, 108 F.4th at 350; 442 U.S.C. § 1395w-22(g)(5). The Fifth Circuit has made clear that "[a]n entity may not maintain a suit in federal court to challenge an organization determination until it has followed that process." *Trinity Home Dialysis, Inc. v. WellMed Networks, Inc.*, 2023 WL 2573914, at *1 (5th Cir. Mar. 20, 2023); *see also Heckler v. Ringer*, 466 U.S. 602, 617 (2013).

Here, IntegraNet contends that Abira has failed to engage in any step of the administrative process mandated by the Medicare Act. IntegraNet supports this contention by the sworn affidavit of IntegraNet's Director of Claims and Customer Service, who attests that: (1) IntegraNet timely responded to each claim submitted by Abira; (2) Abira never submitted a timely appeal through IntegraNet's internal review process; (3) IntegraNet has not been called to participate in an outside agency review of its organizational determination; and (4) IntegraNet has not been called to participate in any related hearing before the Center for Medicare & Medicaid Services.[3] Abira concedes that it did not participate in the mandatory administrative review process, but contends that the issue of who should bear the loss associated with a failure to pay is not preempted under the Medicare Act, and that the Medicare

---

[3] *See Defendants' First Amended Motion to Dismiss Plaintiff's Complaint Pursuant to F.R.C.P. 12(b)(1)*, Document No. 48, Exhibit 2 (*Affidavit of Shariea Franklin*).

8

Plan enrollees IntegraNet services are not affected by and have no interest in the outcome of this dispute. On balance though, IntegraNet contends that the evidence in the record is clear that the patients underlying this dispute are still potentially liable for the laboratory testing services rendered, citing to Abira's actions in which they specifically retained the ability to charge the underlying patients of this dispute.

Abira's sole remaining contention to survive dismissal is that the exhaustion of administrative remedies requirements does not apply in the present matter since their claims do not arise under the Medicare Act. IntegraNet contends that Abira's state law claims for breach of contract, account stated, and quantum meruit are federally preempted by the Medicare Act. Congress had made clear that the Medicare Act "shall supersede any State law or regulation with respect to [Medicare Advantage] plans which are offered by [Medicare Advantage Organizations] under this part." 42 U.S.C.A. § 1395w-26(b)(3). IntegraNet further contends that the evidence in the record shows that IntegraNet's only function is to service Medicare Advantage Plans as a delegated third-party administrator. IntegraNet finally contends that based on its status as a third-party administrator for Medicare plans, Abira's state law claims are specifically subject to statutory federal preemption by the Medicare Act. Abira concedes IntegraNet's status as a third-party administrator and fails to contend with Abira's arguments relating to statutory preemption, instead arguing that IntegraNet's status as a third-party administrator is irrelevant to the

9

question of liability for failing to pay plan benefits. Having considered IntegraNet's motion, party submissions, and applicable law, the Court finds that the Medicare Act is applicable in this matter, and that Abira failed to participate in the mandatory administrative review process detailed in the applicable federal statutes. Accordingly, the Court determines that IntegraNet's motion to dismiss for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) should be granted.[4]

IntegraNet also moves the Court to impose sanctions pursuant to Federal Rule of Civil Procedure 11 in the amount of $186,566.89, in addition to court costs. IntegraNet also requests the court specifically find that Abira and their legal counsel filed pleadings throughout this case for an improper purpose to harass IntegraNet. Having considered the motion, submissions, and applicable law, the Court declines to impose sanctions at this time, and determines that IntegraNet's pending motion for such relief should be denied.

## IV. CONCLUSION

Based on the foregoing, the Court hereby

---

[4] Considering the Court's determination that IntegraNet's motion to dismiss for lack of subject-matter jurisdiction should be granted, the Court declines to consider IntegraNet's outstanding Motion for Summary Judgment (Document No. 49); Motion for Leave to File Supplemental Exhibits (Document No. 56); and Motion to Strike Pleadings and, Alternatively, to Exclude Evidence and Testimony (Document No. 61). Additionally, the Court declines to levy sanctions

**ORDERS** that Defendants' First Amended Motion to Dismiss Plaintiff's Complaint Pursuant to F.R.C.P. 12(b)(1) (Document No. 48) is **GRANTED**. the Court further

**ORDERS** that Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11 (Document No. 50) is **DENIED**. The Court further

**ORDERS** that Defendants' Motion for Summary Judgment (Document No. 49) is **DENIED AS MOOT**. The Court further

**ORDERS** that Defendants' Motion for Leave to File Supplemental Exhibits (Document No. 56) is **DENIED AS MOOT**. The Court further

**ORDERS** that Defendants' Motion to Strike Pleadings And, Alternatively, to Exclude Evidence and Testimony (Document No. 61) is **DENIED AS MOOT**.

**ORDERS** that Plaintiff Abira Medical Laboratories, LLC's claims against Defendants IntegraNet Health of Florida, Inc. and Integranet Physical Resource, Inc. are **DISMISSED**.

**THIS IS A FINAL JUDGMENT.**

SIGNED at Houston, Texas, on this __30__ day of June, 2025.

DAVID HITTNER
United States District Judge